# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| **OLD TIME POTTERY, LLC** ) | Case No. 3:21-cv-00398 |
| Debtor. ) | Judge Trauger |
| ) | Magistrate Judge Holmes |
| **OLD TIME POTTERY, LLC** ) | |
| Plaintiff ) | |
| ) | Bkrtcy. Case No. 3:20-bk-03138 |
| v. ) | Adv. Proc. No. 3:21-ap-90059 |
| ) | Chapter 11 |
| **GERTHA PRUITT** ) | Bankruptcy Judge Harrison |

**To:** The Honorable Aleta A. Trauger, District Court Judge

## REPORT AND RECOMMENDATION

This bankruptcy adversary proceeding is before this Court on the motion to withdraw the reference and to transfer venue filed by Defendant Gertha Pruitt (the "Defendant" or "Pruitt"). Bankruptcy Rule 5011(a) directs that the motion "shall be heard by a district judge." Fed. R. Bankr. P. 5011(a).[1] Under Local Bankruptcy Rule 5011-2, motions for withdrawal of the reference must be filed with the bankruptcy court and all later filings pertaining to the motion must be filed with the district court. The motion for withdrawal is now properly before this Court. The motion was referred to the undersigned for either disposition or a report and recommendation. (Docket No. 5.)

The undersigned construes the plain language of FRPB 5011(a)(1) that motions to withdraw the reference shall be heard by a district judge as limiting a magistrate judge's authority to issuing a report and recommendation. This is consistent with the approach taken by sister courts

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Bankruptcy Procedure, designated by "FRBP".

in this Circuit (albeit without discussion). *See e.g. CitiMortgage, Inc. v. Crawford*, No. 1:11-CV-714, 2012 WL 1867518 (S.D. Ohio May 22, 2012) *report and recommendation adopted*, No. 1:11-CV-00714, 2012 WL 2342395 (S.D. Ohio June 20, 2012) and *Stevenson v. Polymerica, Ltd. (In re Snooks)*, Civil No. 08-CV-14180, 2009 WL 230598 (E.D. Mich. Jan. 29, 2009).[2]

For the reasons discussed, the undersigned respectfully recommends that the motion to withdraw reference be denied without prejudice to refiling once this litigation is ready for trial, at which time the motion to transfer venue may also be refiled.

## I. Factual and Procedural Background

Old Time Pottery, LLC ("OTP" or the "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code on June 28, 2020 (the "Petition Date").[3] By order of the Bankruptcy Court entered on October 15, 2020[4], OTP's chapter 11 plan, which pays 100% on allowed unsecured claims (the "Chapter 11 Plan"), was confirmed.

The movant, Gertha Pruitt, is an individual who claims to have been injured in one of OTP's retail stores on November 29, 2019, which is, clearly, prior to the Petition Date. On October 9, 2020, Pruitt filed a proof of claim in OTP's bankruptcy case for an unliquidated personal injury claim in an unliquidated amount. In her motion, Pruitt states that the amount of her claim is unknown because she continues to receive medical treatment for her injuries.

---

[2] Nevertheless, should the District Judge determine that a motion to withdraw the reference to bankruptcy court is one that can be decided by a magistrate judge, this report and recommendation may be treated as an order denying the requested relief, subject to review as "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

[3] The recited facts and procedural history are taken from Pruitt's filings and, unless otherwise noted, are largely undisputed.

[4] At least once, Pruitt mistakenly references the confirmation date as October 15, 2021, which the Court presumes was a simple clerical error.

2

OTP objected to Pruitt's claim and Pruitt responded to the objection, preserving the right to seek withdrawal of the reference.  At Pruitt's request, the Bankruptcy Court entered an order deeming her proof of claim as timely filed and allowing amendment of the claim without further court order once the full extent of Pruitt's damages have been determined.  Further, by agreement of the parties, and to allow OTP to close the chapter 11 case, OTP's claim objection was converted to the instant adversary proceeding in connection with which Pruitt seeks to withdraw the reference and proceed with liquidation of her claim by transfer of the action to the United States District Court for the Eastern District of Missouri, where she resides and where the alleged events occurred.

Pruitt relies on 28 U.S.C. §§ 157(b)(2)(B), (b)(5) and (d), 28 U.S.C. § 1404(a), and 28 U.S.C. § 1412 as the statutory predicates for her requested relief.  She argues that withdrawal of the reference is mandatory under 28 U.S.C. §§ 157(b)(2)(B) and (b)(5) because her claim is based on a personal injury tort that is not a core proceeding within the meaning of the statute, and she has neither waived her right to a jury trial nor consented to the jurisdiction of the Bankruptcy Court to liquidate her claim, which means that her underlying claim must be tried in district court.   Pruitt also argues that permissive withdrawal for cause as to all pretrial matters under 28 U.S.C. §§ 157(d) is also appropriate because the determination of the amount and validity of her claim will ultimately be tried in district court.  Finally, Pruitt contends that transfer of venue under 28 U.S.C. §§ 1404(a) and 1412 is warranted because she resides in Missouri, the alleged event occurred in Missouri, and her treating physicians as well as other potential witnesses are located in Missouri.

OTP opposes the motion to withdraw the reference, arguing that the only pending litigation involving Pruitt's alleged injury is the adversary proceeding in the Bankruptcy Court that stems from her proof of claim filed in OTP's bankruptcy case.  OTP asserts that the most efficient

procedure for administering Pruitt's claim is to allow the Bankruptcy Court to handle all pretrial proceedings – just like administration of any other contested claim – until the time of trial pursuant to this Court's standing referral order.  OTP also contests transfer of venue, citing to the broad subpoena power of federal courts generally and the routine practice in federal court of applying state law.

## II.  Legal Standards and Analysis

A federal district court has original, but not exclusive, jurisdiction over bankruptcy cases and "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  However, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a).  All such cases in the Middle District of Tennessee are referred automatically to the Bankruptcy Court by Administrative Order No. 28-11 (July 13, 1984 effective *nunc pro tunc* July 10, 1984).

Once a case is referred, 28 U.S.C. § 157(b)(1) "vests full judicial power in bankruptcy courts over 'core proceedings arising under title 11, or arising in a case under title 11.'"  *Mich. Empl. Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir. 1991) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987)).  However, there are certain circumstances in which a district court is permitted or required to withdraw a reference to the bankruptcy court.  As to permissive withdrawal, § 157(d) states: "[t]he district court shall, on timely motion of a party, [ ] withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The section states as to permissive withdrawal: "the district court may withdraw, in whole or in part,

4

any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id.*

Pruitt maintains that withdrawal of the reference is mandatory under the circumstances here because her claim is not a core proceeding, as defined in § 157(b)(2)(B). Pruitt further relies on the directive in § 157(b)(5) that personal injury tort claims "shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 28 U.S.C. § 157(b)(5). That argument however ignores the plain language of § 157(d), which mandates withdrawal of the reference only upon a determination that resolution of Pruitt's claim requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. Further, many courts agree that "[mandatory] withdrawal should be granted only if the current proceeding could not be resolved without 'substantial and material consideration' of the federal law regulating interstate commerce." *In re City of Detroit, Mich.*, 498 B.R. 776, 788 and n. 16 (Bankr. E.D. Mich. 2013) (quoting *Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) and collection of cases). Although the record is largely devoid of any details of the specific parameters of Pruitt's claim, it has been described generally as a personal injury tort claim, which would not implicate the mandatory provision of § 157(d).

Whether there is cause for permissive withdrawal is within the broad discretion of the Court. *In re Romanzi*, No. 16-CV-14265, 2017 WL 1148921, at *2 (E.D. Mich. Mar. 28, 2017) (quoting *In re Millennium Studios, Inc.*, 286 B.R. 200, 3030 (D. Md. 2002)). The moving party "has the burden of showing 'cause' for invoking the exception instead of applying the rule." *Gecker v. Marathon Financial Ins. Co., Inc., RRG*, 391 B.R. 613, 615 (N.D. Ill. 2008).

5

Section 157(d) does not define the showing that must be made to establish "cause" to withdraw the reference. This Court has described the "cause" standard in the non-mandatory withdrawal provision as a high one, *Mountain Glacier LLC v. Nestle' Waters North America, Inc.*, No. 3:16-0996, 2016 WL 3883025, at *1 (M.D. Tenn. Jul. 18, 2016); *see also In re Church Street Health Mgt., LLC*, No 3:12-cv-00677, 2012 WL 4035971, at *2 (M.D. Tenn. Sep. 10, 2012), that presumptively favors leaving an adversary proceeding in the "capable hands of the Bankruptcy Court." *Nukote Int'l v. Office Depot, Inc.*, No. 3:09-0921, 2009 WL 3840382, at *3 (M.D. Tenn. Nov. 16, 2009) (quoting *In re Federated Dep't Stores*, 189 B.R. 142, 144 (S.D. Ohio 1995)). Requiring a showing of compelling cause (or truly exceptional and compelling circumstances) warranting withdrawal ensures that the exception does not swallow the rule, *In re Forks Specialty Metals, Inc.*, 2020 WL 2098099, at *2 (E.D. Penn. May 1, 2020) (citing *In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 725 (D. P.R. 1994)), and that § 157(d) is not used as "an escape hatch" for removal of most bankruptcy matters to district court, *In re Church Health Mgt.,* 2012 WL 4035971, at *2 (quoting *Official Comm. of Unsecured Creditors of Appalachian Fuels, LLC v. Energy Coal Res., Inc. (In re Appalachian Fuels, LLC)*, 472 B.R. 731, 737 (E.D. Ky. 2012)). *See also In re Southern Indust. Mechanical Corp.*, 266 B.R. 827, 833-34 (W.D. Tenn. 2001) (withdrawal of reference warranted only for a substantial reason, which requires a showing by movant of unusual circumstances). Some courts also recognize that, while the language of the statute permits district courts to withdraw the reference, "there is no mandate that the reference must be withdrawn," even if cause exists. *Dura Automotive Sys., Inc., v. Johnson Elec. North Am., Inc.*, No. 06-13990, 2007 WL 9752833, at *2 (E.D. Mich. Apr. 23, 2007) (quoting 1 Collier on Bankruptcy ¶ 3.04(b)). The Court finds persuasive the reasoning for applying a presumption in favor of leaving an adversary

proceeding in bankruptcy court and requiring a showing of compelling cause based on truly exceptional circumstances.[5]

In the absence of any statutory definition of "cause" for permissive withdrawal, courts have developed several broad factors for determining its contours. Among the considerations are: (1) whether the claim is core or non-core; (2) what is the most efficient use of judicial resources; (3) what is the delay and what are the costs to the parties; (4) what will promote uniformity of bankruptcy administration; (5) what will prevent forum shopping; and (6) other related factors, including expediency of the bankruptcy process and whether there has been a jury trial demand. *Nukote Intern.*, 2009 WL 3840482, at *3 (citing *CNH Am., LLC v. Venture Indus. Corp.*, 344 B.R. 526, 528-29 (E.D. Mich. 2006)). Upon consideration of these factors in the circumstances here, the Court does not find that there are truly exceptional circumstances or compelling cause for withdrawal of the reference at this time.[6]

### A. Core v. Non-Core

Pruitt argues that the adversary proceeding is non-core, an argument that OTP largely ignores. Liquidation of Pruitt's personal injury claim is clearly non-core under 28 U.S.C. § 157(b)(2)(B). However, there are aspects to the adversary proceeding, such as allowance or disallowance of Pruitt's claim, that are core under that same statutory section. Whether a proceeding is core or non-core is an important consideration in whether to withdraw the reference, *Nukote Intern.*, 2009 WL 3840482 at *5, but not a determinative one. *Gecker*, 392 B.R. at 615

---

[5] This is also consistent with the "high bar" standard applied by Judge Trauger in the *Nukote* case. *Nukote Intern.*, 2009 WL 3840482, at *7 ("a review of the relevant factors shows that the defendant has met the 'high bar' of showing that withdrawal of this matter is appropriate").

[6] That is not to say, as noted by Judge Trauger in the *Nukote* case, that it is impossible to make the required showing. The Court simply finds that Pruitt has failed to show compelling cause here.

("the fact that a proceeding is non-core, by itself, does not establish 'cause' to withdraw … additional circumstances may be required to justify withdrawal of the reference"). *See also Antioch Co. Litigation Trust v. Morgan*, Civil Case No. 3:10-cv-156, 2012 WL 5845003, at *1 (S.D. Ohio Nov. 19, 2012) ("while the core/non-core distinction is important, no one factor is dispositive") (citing *In re Extended Stay, Inc.*, 466 B.R. 188, 197 (S.D. N.Y. 2011)) and *Dura Automative Systems*, 2007 WL 9752833, at *2 (no particular factor under § 157(d) is dispositive). Given that liquidation of Pruitt's personal injury claim is non-core, this consideration favors withdrawal. However, that is, at least to some extent, counterbalanced by the core nature of the claims allowance process, which is the genesis of this entire litigation.

**B. Judicial Economy**

The key issue in consideration of judicial economy "is how to put the resources of the judicial system to the best use." *Nukote Intern.*, 2009 WL 3840482 at *6. As OTP notes, there was no pending litigation by Pruitt at the time she filed her claim that would mitigate against leaving the reference to Bankruptcy Court in place. While it is correct that the jurisdiction granted to bankruptcy courts is specialized, the scope of issues decided in connection with administration of a bankruptcy estate routinely involve other areas of law. There is nothing to indicate that Pruitt's claims are so complex or unusual that they fall outside the purview of the kind of litigation that often proceeds in Bankruptcy Court. Certainly, the Bankruptcy Court can resolve any pretrial discovery and other case management type issues. Further, as discussed in more detail below, the Bankruptcy Court is presumably very familiar with OTP and its current circumstances, having presided over OTP's entire chapter 11 case, including approval of OTP's disclosure statement and confirmation of OTP's plan of reorganization. Withdrawing the reference at this point would not promote judicial economy. *Appalachian Fuels*, 472 B.R. at 745.

8

If motions for summary judgment are filed, the Bankruptcy Judge can submit a report and recommendation to the District Judge, a process with which this Court is very familiar.[7] There is no compelling distinction, at least up to that point, between leaving the reference in place and withdrawing the reference for the case to proceed in District Court. In fact, given the relative resources and caseload, it may be more efficient for the Bankruptcy Court to handle all pretrial matters. For all these reasons, judicial economy therefore disfavors invoking the exception to referral of this proceeding to the Bankruptcy Court.

**C. Delay and Uniformity and Forum Shopping**

Pruitt does not address these issues and in the absence of argument to the contrary, the Court presumes that these considerations add no weight to withdrawing the reference.

**D. Other**

There is no dispute that Pruitt has requested a jury trial and has not consented to final disposition by the Bankruptcy Court. Nor does there appear to be any dispute that Pruitt is entitled to a jury trial. However, this proceeding is in its very earliest stages, having only been initiated by Pruitt by the filing of a claim in OTP's chapter 11 case and not by any earlier litigation. In contrast, Judge Harrison presided over OTP's entire chapter 11 case, which involved consideration of OTP's bankruptcy statements and schedules, motions to pay prepetition wages and critical vendor claims, motions to use existing bank accounts and provide adequate assurance to utilities, approval of debtor-in-possession financing, approval of procedures for store closings and sales of assets, resolution of nonresidential lease issues (including assumption of leases), contested professional

---

[7] Although it would not be standard practice of this Court for dispositive motions in this proceeding to be considered by the Magistrate Judge in the first instance because both parties are represented by counsel, it would not be unusual for the Eastern District of Missouri to refer all dispositive matters to magistrate judges for report and recommendation as that is common practice throughout the country.

9

fee applications, numerous claim contests, approval of OTP's disclosure statement, and confirmation of OTP's chapter 11 plan of reorganization. *See* Docket No. 1 (USBC Case Docket).[8] Withdrawal of the reference at this early stage of the litigation between Pruitt and OTP would result in losing the benefit of Judge Harrison's expansive knowledge of this case generally and OTP specifically. This factor therefore weighs against withdrawing the reference, notwithstanding Pruitt's jury trial demand. *Appalachian Fuels*, 472 B.R. 731 at 745-48.

A review of the relevant factors shows that Pruitt has not met the "high bar" of showing that withdrawal of this matter is appropriate. Pruitt relies heavily on this Court's prior determination in the *Nukote* case that withdrawal of the reference was appropriate. While it is correct that there are similar considerations in this case, *Nukote* noted the presumptive default for leaving the reference to bankruptcy court in place, *Nukote Intern.*, 2009 WL 3840482, at *3, and made clear that the standard for withdrawal of the reference is a "high bar." *Id*. at *7 ("a review of the relevant factors shows that the defendant has met the 'high bar' of showing that withdrawal of this matter is appropriate"). In this case, Pruitt overlooked at least two of the considerations – delay/uniformity and forum shopping. While the core vs. non-core factor, including Pruitt's jury trial demand, supports withdrawal of the reference, that alone is insufficient to establish the requisite cause. Further, even without regard to the consideration of judicial economy discussed above and allowing that there might be some accompanying judicial economy to a withdrawal of the reference, that does not raise the bar to the high standard necessary to invoke the exception to reference of this proceeding to Bankruptcy Court. For these reasons, the Court finds this proceeding is distinguishable from *Nukote*.

---

[8] The USBC case docket appears to start at page 14 of this Court's docket entry number one, although ascertaining the page numbers is made difficult by the overlapping filing footers from this Court's CM/ECF system and that of the Bankruptcy Court's CM/ECF system.

Here, Pruitt has not shown cause for withdrawal of the reference at this time. Therefore, it is not necessary for the Court to address Pruitt's request to transfer venue.

### III. Recommendation

For the reasons discussed above, it is respectfully recommended that Pruitt's motion for withdrawal of the reference (Docket No. 1) be denied without prejudice to be refiled (along with any request for transfer of venue) once this case is ready for trial.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge